UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DAVID BARBOZA,

          Plaintiff,

    v.

CALIFORNIA ASSOCIATION OF
PROFESSIONAL FIREFIGHTERS,
a California corporation;
CALIFORNIA ASSOCIATION OF
PROFESSIONAL FIREFIGHTERS
LONG TERM DISABILITY PLAN;
and CALIFORNIA ADMINISTRATION
INSURANCE SERVICES, INC.,
a California corporation,

          Defendants.

NO. CIV. S-08-519 FCD/GGH

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

    This matter is before the court on plaintiff David Barboza's ("plaintiff") motion to alter or amend the judgment, pursuant to Fed. R. Civ. P. 59(e), on the basis that the court committed "clear error" in dismissing the case for plaintiff's failure to exhaust administrative remedies. In this action, brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, plaintiff sought recovery of long term disability

1

benefits under the relevant Plan provided by defendant CAPF.[1] CAPF had agreed to pay plaintiff benefits subject, however, to certain offsets it asserted were permissible under the Plan. Plaintiff disputed the applicability of any offsets and sought payment of his benefits in full, via a motion for judgment on the administrative record, pursuant to Fed. R. Civ. P. 52. Defendants cross-moved for summary judgment in their favor, pursuant to Fed. R. Civ. P. 56.[2]

In a Memorandum and Order of June 23, 2009 (the "Order"), the court ruled that plaintiff failed to exhaust the CAPF Plan's administrative remedies before filing the instant suit and having failed to do so without any valid excuse,[3] the court granted defendants' motion for summary judgment and dismissed plaintiff's

---

[1] Defendants are the California Association of Professional Firefighters ("CAPF"), California Association of Professional Firefighters Long Term Disability Plan (the "CAPF Plan" or the "Plan") and the California Administration Insurance Services, Inc. ("CAIS").

[2] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs. E.D. Cal. L.R. 78-230(h).

[3] Before the substance of an ERISA claim can be heard, judicial doctrine requires a plaintiff to "avail himself or herself of a plan's own internal review process before bringing suit in federal court." Diaz v. United Agricultural Employee Welfare Benefit Plan and Trust, 50 F.3d 1479, 1483 (9th Cir. 1995). In deciding whether a plaintiff has exhausted the administrative claims procedures, the court must consider: (1) whether the plaintiff exhausted the remedies available by following the plan's claims procedures; and (2) if the plaintiff did not exhaust the claims procedures, whether the plaintiff is excused from following those procedures because they do not comply with federal regulations or because attempts to follow the procedures would be futile. Id. at 1483-86. Here, plaintiff conceded he did not exhaust the available remedies, but argued he was excused from doing so because defendants failed to follow the regulatory claims procedures required by ERISA. As a result, plaintiff asserted his administrative remedies could be "deemed exhausted" pursuant to 29 C.F.R. § 2560.503-1(*l*). (Order at 12.)

case without prejudice. As a result of the dismissal for a failure to exhaust, the court did not reach the substantive merits of the parties' dispute regarding the amount of benefits due under the policy. (Docket #31.)

Where the court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). Because plaintiff's motion was filed more than ten days after entry of dismissal, the court will consider the motion under Rule 60(b). See Fed. R. Civ. P. 59(e) (requiring that all motions submitted pursuant to this rule be filed within ten days of entry of judgment).

Rule 60(b) is "an extraordinary remedy to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Thus, the Ninth Circuit has made clear that a motion for reconsideration should not be granted "'absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" Id. (citation omitted.) When a motion for reconsideration is based on a claim of clear error, as in this case, the moving party must do more than repeat arguments made in the underlying motion. "Reiteration of arguments originally made in support of, or in opposition to, a motion . . . do not provide a valid basis for reconsideration." Reliance Ins. Co. v. Doctors Co., 299 F.

3

1 Supp. 2d 1131, 1154 (D. Hawaii 2003); Backlund v. Barnhart, 778
2 F.2d 1386, 1388 (9th Cir. 1985).

3     This is precisely what plaintiff has done in this motion; he
4 simply repeats arguments he asserted in the original motion,
5 arguments which were fully considered by the court in its Order.
6 Such reiteration of the same arguments does not amount to "clear
7 error" or circumstances sufficiently extraordinary to reconsider
8 the June 23 order. Blacklund, 778 F.2d at 1388 (a motion for
9 reconsideration brought on the basis of "judicial mistakes,"
10 which presents no new arguments, should be denied). In granting
11 defendants' motion for summary judgment, the court carefully
12 considered every argument asserted by plaintiff. After a
13 thorough review of the legal issues presented under the relevant
14 ERISA regulations, the court concluded that plaintiff had failed
15 to exhaust the applicable administrative remedies and that he had
16 no valid excuse for failing to do so. (Order at 11-15.) The
17 reasons for the court's decision were fully explained in the
18 court's 16-page order. Those reasons need not be repeated here,
19 particularly because plaintiff has not raised even a single *new*
20 argument in support of this motion.

21     While plaintiff does cite certain alleged new authorities in
22 support of his arguments, the court properly disregards these
23 citations since plaintiff has not explained why the authorities
24 could not have been raised earlier. Kona Enters., 229 F.3d at
25 890 (recognizing that a Rule 59(e)/60(b) motion "may not be used
26 to raise arguments or present evidence for the first time when
27 they could reasonably have been raised earlier in the
28 litigation"). However, even if the court were to consider the

4

new authorities, they would not render this court's Order clearly in error.

To demonstrate clear error, plaintiff must show that the court committed "manifest errors of law or fact." <u>Turner v. Burlington Northern Santa Fe R. Co.</u>, 338 F.3d 1058, 1063 (9th Cir. 2000). "Manifest error" is an "'error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.'" <u>In re Oak Park Calabasas Condominium Ass'n</u>, 302 B.R. 682, 683 (C.D. Cal. 2003) (quoting <u>Black's Law Dictionary</u> 563 (7th Ed. 1999)). Here, plaintiff cites to no such "controlling law" which demonstrates a manifest error by the court in its interpretation of the relevant regulations governing ERISA claims' procedures for disability claims. (Order at 12-14.) Neither the two footnotes from the "preamble" to the Department of Labor's ("DOL") regulations or the citation to "Frequently Asked Questions" on the DOL's website, cited by plaintiff, are *controlling law* governing the exhaustion issues presented in this case. Moreover, plaintiff cites two wholly inapposite cases, <u>Peterson v. Federal Express Corp. Long Term Disability Plan</u>, 2006 WL 1495307 (D. Ariz. May 24, 2006) and <u>Browning v. A.T. Massey Coal Co. Employees' Comprehensive Benefit Plan</u>, 2002 WL 1822931 (S.D.W. Va. June 26, 2002). In <u>Peterson</u>, the district court expressly found it "unnecessary to decide whether 29 C.F.R. § 2560.503-1(i)(1)(i) or (i)(1)(ii) is the applicable provision because under either provision, Federal Express failed to act in a timely manner." 2006 WL 1495307, *3 n.1. Thus, the court never addressed the issue presented here. And, <u>Browning</u> does not

5

contain any discussion of whether 29 C.F.R. § 2560.503-1(i)(1)(i) or (i)(1)(ii) is the applicable provision in a case such as this.  Thus, because plaintiff has not shown that this court's interpretation of the relevant regulations "complete[ly] disregard[ed] . . . "the controlling law," the instant motion must be denied.  See In re Oak Park Calabasas Condominium, 302 B.R. at 683.

   Accordingly, for all of the above reasons, plaintiff's motion for relief from judgment from this court's June 23, 2009 order is DENIED.

   IT IS SO ORDERED.

DATED: August 14, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE