1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID BARBOZA,

12              Plaintiff,                     No. CIV S-2:08-519-KJM-GGH

13        vs.

14   CALIFORNIA ASSOCIATION OF
     PROFESSIONAL FIREFIGHTERS, et al.,

15
                Defendants.
16                                                   ORDER
     _____/

17

18              This matter is before the court on (1) the motion for attorneys' fees brought by

19   defendants California Association of Professional Firefighters ("CAPF") and California

20   Administration Insurance Services, Inc.'s ("CAISI") (ECF 116) (collectively "defendants");

21   (2) plaintiff David Barboza's motion for attorneys' fees, non-taxable costs and pre-judgment

22   interest (ECF 114); (3) defendants' bill of costs (ECF 107); and (4) plaintiff's bill of costs (ECF

23   106).  Based upon the submissions of the parties, and for the reasons set forth below, all the

24   motions are denied.

25   /////

26   /////

                                                    1

I.     BACKGROUND

Plaintiff brought this action under the federal Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*  Plaintiff was a firefighter with the city of Tracy, and a participant in the long-term disability plan (the "Plan") offered by CAPF; CAISI administered the Plan.  Plaintiff sought damages in the form of long-term disability ("LTD") payments plaintiff maintained defendants improperly withheld from him.  Plaintiff also sought statutory penalties and injunctive relief.  Defendants argued they granted plaintiff's claim for LTD benefits, but properly offset the amount of benefits due plaintiff in accordance with the express terms of the Plan.  Defendants filed their motion for summary judgment on April 11, 2012.  ( ECF 75-1.)  On April 13, 2012, plaintiff filed a cross-motion for summary judgment. (ECF 78.)  Plaintiff also filed a motion for summary judgment on defendants' counterclaim on April 13, 2012.  (ECF 77.)

In resolving the parties' cross-motions for summary judgment, the court ruled as follows:

> The parties' cross-motions for summary judgment are granted in part and denied in part.  Specifically, defendant is ordered to distribute to plaintiff the remainder of the LTD benefits plaintiff is currently owed after offsetting for benefits to which he was entitled under Section 4850 of the California Labor Code and the $18,000 workers' compensation settlement into which he entered.

> Defendant's motion for summary judgment regarding plaintiff's earnings from self-employment is denied as to the $192,705 of gross revenue from plaintiff's alpaca farm and $26,443 in gross income from other self employment but granted as to the $1,173 plaintiff received from employment with Sierra Entertainment and Sierra Northern Railways.

> Plaintiff's motion for summary judgment as to his request for statutory penalties is denied.

> Plaintiff's motion for summary judgment as to his request for injunctive relief is granted.  Defendant is hereby ordered to revise the Plan's appeals procedure to comply with the Ninth Circuit's decision in *Barboza v. Cal. Ass'n Prof'l Firefighters*, 651 F.3d 1073 (9th Cir. 2011).

> Plaintiff's motion for summary judgment on defendants' counterclaim is granted in part and denied in part. Specifically, plaintiff's motion is granted as to the $192,705 of gross revenue from plaintiff's alpaca farm and $26,443 in gross income from other self employment but denied as to the $1,173 plaintiff received from employment with Sierra Entertainment and Sierra Northern Railways.

*Barboza v. Cal. Ass'n Prof'l Firefighters*, 2012 WL 4490981 at *21-22 (E.D. Cal. Sept. 30, 2012).

II.    ANALYSIS

Both plaintiff and defendants filed motions for attorneys' fees under 29 U.S.C. § 1132(g)(1). Both parties respectively argue that they had sufficient success on the merits to justify an award of fees.

Defendants specifically contend that, "despite the potent relief prayed for by [p]laintiff – which included an exaggerated amount of LTD benefits and 'an Order removing [CAISI] as Plan fiduciary and barring it from any further responsibility for claims determinations under the Plan,' – the Court merely ordered [d]efendants to do something that they had already done and awarded them $19,173 in offsets." (ECF 116-1 at 5:4-8.) Defendants also argue the "relative merits of the parties' respective positions is evidenced by the number of substantial claims won and lost." (*Id.* at 6:5-7 (internal citation omitted).)

Plaintiff argues he had some degree of success on the merits because, "[w]hile [he] did not succeed on the Plan's asserted offsets for 4850 pay and his Workers Compensation settlement, he did succeed on the [asserted] offset for 'gross revenues' from self-employment, as well as [d]efendants' claim that Barboza had 'waived' his right to 4850 pay in his 2006 employment settlement, where [d]efendants provided no legal or factual evidence in support of that allegation in the Counterclaim." (ECF 114 at 6:21-25.) Plaintiff also asserts he "succeeded in obtaining injunctive relief for the Plan's breach of fiduciary duty in failing to maintain a claims and appeals procedure that complied with DOL regulations . . . ." (*Id.* at 6:25-7:1.)

/////

1       Claims for attorneys' fees in ERISA actions are determined by ERISA's statutory

2   fee shifting scheme.  "In any action under [ERISA] . . .  by a participant, beneficiary, or

3   fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to

4   either party."  29 U.S.C. § 1132(g)(1).

5       In *Hardt v. Reliance Standard Life Insurance*, ___ U.S. ___, 130 S. Ct. 2149

6   (2010), the Supreme Court held that the plain language of the statute dictates that prevailing

7   party status is not a prerequisite to receiving attorney's fees; instead, "a court 'in its discretion,'

8   may award fees . . . as long as the fee claimant has achieved 'some degree of success on the

9   merits.'"  *Id.* at 2152, 2156 (citing *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)).   The

10  Court further explained that "[a] claimant does not satisfy that requirement by achieving '[t]rivial

11  success on the merits' or a 'purely procedural victor[y],' but does satisfy it if the court can fairly

12  call the outcome of the litigation some success on the merits without conducting a 'lengthy

13  inquir[y] into the question whether a particular party's success was 'substantial' or occurred on a

14  'central issue.'"  *Id.* at 2158 (quoting *Ruckelshaus*, 463 U.S. at 688 n.9).  Fee shifting schemes of

15  this nature vest district courts with broad discretion to determine whether attorneys' fees are

16  appropriate.  *Id.*

17      If the court determines that the fee claimant has achieved some degree of success

18  on the merits, it must then apply the five factors set forth by the Ninth Circuit to determine

19  whether granting fees is appropriate.  *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th Cir.

20  1980); *see Hardt,* 130 S. Ct. at 2158 n.8 ("[O]nce a claimant has satisfied th[e] [some success]

21  requirement, and thus becomes eligible for a fees award under § 1132(g)(1), a court may

22  consider the five factors adopted by the Court of Appeals.")  These factors are:

23      (1) the degree of the opposing parties' culpability or bad faith;
    (2) the ability of the opposing parties to satisfy an award of fees;

24      (3) whether an award of fees against the opposing parties would
    deter others from acting under similar circumstances; (4) whether

25      the parties requesting fees sought to benefit all participants and

26  /////

1    beneficiaries of an ERISA plan or to resolve a significant legal
2    question regarding ERISA; and (5) the relative merits of the
     parties' positions.

3    *Hummell*, 634 F.2d at 453.

4         A.    Some Degree of Success on the Merits

5              In this case, both plaintiff and defendants achieved some degree of success on the

6    merits.  Defendants had some degree of success on the merits by virtue of the court agreeing

7    with defendants' position that plaintiff's LTD benefits should be offset by Section 4850 pay and

8    plaintiff's worker's compensation settlement.  The court also denied plaintiff's request for

9    statutory penalties.  While the court granted plaintiff's motion for summary judgment on

10   defendant's counterclaim as to the majority of the gross revenue plaintiff earned from self-

11   employment, it denied plaintiff's motion as to the "$1,173 plaintiff received from employment

12   with Sierra Entertainment and Sierra Northern Railways."  *Barboza*, 2012 WL 4490981 at *21.

13   Similarly, plaintiff's victory on defendants' counterclaim, his request for injunctive relief, and

14   the court's order that defendants "distribute to plaintiff the remainder of LTD benefits he is

15   currently owed," *id.*, constitutes, at least, some degree of success on the merits.  The court

16   therefore finds that both plaintiff and defendants have made the requisite showing under Section

17   1132(g)(1) of "some degree of success on the merits."  *Hardt*, 130 S.Ct. at 2152.

18        B.    *Hummell* Factors

19             After consideration of the five *Hummel* factors, however, the court concludes, in

20   its "broad discretion," that an award of attorneys' fees is not appropriate in this case.  The parties

21   have not demonstrated that any party has acted in bad faith; rather, the court finds that both

22   plaintiff's request for LTD benefits under the plan and defendants' attempt to offset those

23   benefits in accordance with their interpretation of the plan terms were inherently reasonable.

24             Plaintiff argues he does not have the ability to pay attorneys' fees.  (ECF 114 at

25   8:4-8.)  This factor, however, is insufficient to tip the scale in favor of awarding plaintiff

26   /////

1   attorneys' fees because the court also denies defendants' motion for attorneys' fees and plaintiff,

2   thus, will not have to pay any fees out of pocket.

3         With respect to the relative merits of the parties' positions, the court concludes

4   that neither party had significantly greater success on the merits than the other.  Indeed, the

5   disposition of the cross-motions for summary judgment required difficult and complex statutory

6   interpretation and application of case law.  In other words, none of the court's conclusions was

7   easily reached; rather, the resolution of each issue presented to the court required concentrated

8   analysis of close questions of both law and fact.  *See Barboza v. California Ass'n of Professional*

9   *Firefighters,* No. CIV. S-08-02569 FCD/GGH, 2011 WL 1343030, at *6 (E.D. Cal. April 7,

10  2011) (holding that an award of costs under ERISA was not appropriate because the case

11  involved "complex, statutory interpretation without the aid of clear, precedential authority on

12  either side").[1]  The complexity of the questions presented underscores the court's conclusion that

13  neither party acted in bad faith.

14        An award of fees against defendants would not properly be awarded as a

15  deterrent.  Moreover, as set forth above, both plaintiff and defendants achieved some success on

16  the merits, tempered  by the court's denial of  summary judgment on several of the parties'

17  respective claims and defenses.

18        Under these circumstances, the court finds, in its discretion, attorneys' fees are not

19  justified  to either plaintiff or defendants.  Plaintiff and defendants' motions for fees are

20  DENIED.

21      C.    Plaintiff's and Defendants' Bill of Costs

22        Both plaintiff and defendants filed a bill of costs; both parties also filed objections

23  to the opposing parties' bill of costs.  Federal Rule of Civil Procedure 54(d)(1) provides that the

24  party that prevails on the merits should be awarded costs.  However, this court has found that

25

26      [1] The *Barboza* case cited here is a parallel case involving different claims.

1   where the court grants "a portion of each side's request for summary judgment . . . . the [court]

2   will not award costs to either side."  *United States v. Curtis-Nevada Mines, Inc.*, 415 F. Supp

3   1373, 1379 (E.D. Cal. 1976), *rev'd on other grounds,* 611 F.2d 1277 (9th Cir. 1980).  Because

4   both parties prevailed on portions of their motions for summary judgment, the court declines to

5   award costs to either plaintiff or defendants.

6          IT IS SO ORDERED.

7   DATED:  August 5, 2013.

8

9                                                  _____

10                                                  UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26