IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID BARBOZA,

    Plaintiff,                         No. CIV S-2:08-519-KJM-GGH

    vs.

CALIFORNIA ASSOCIATION OF
PROFESSIONAL FIREFIGHTERS, et al.,

    Defendants.
                                   ORDER

        This matter is before the court on the motion for relief from judgment under Federal Rule of Civil Procedure 60(b) filed by defendants California Association of Professional Firefighters ("CAPF"), CAPF Long-Term Disability Plan ("Plan") and California Administration Insurance Services, Inc. ("CAIS"). For the reasons explained below, defendants' motion is DENIED.

I.    BACKGROUND

        CAPF offers a long-term disability plan to eligible firefighters in California; CAIS is the independent third-party administrator for the CAPF Plan. Plaintiff David Barboza was a firefighter with the City of Tracy, and a participant in the CAPF Plan. In his complaint,

1

plaintiff sought damages in the form of long-term disability ("LTD") payments he maintained defendants improperly withheld from him. In April 2012, the parties filed cross-motions for summary judgment.

In his motion, plaintiff sought summary judgment on his request for injunctive relief. Specifically, plaintiff sought a court order requiring defendants to revise the Plan to comply with the Ninth Circuit's decision in *Barboza v. California Association of Professional Firefighters*, 651 F.3d 1073 (9th Cir. 2011) ("*Barboza I*"), which held that the Plan violated Department of Labor regulations by following the so-called quarterly-meeting rule in adjudicating appeals of claim denials.[1] The quarterly-meeting rule allows "[c]ertain qualified plans (those with a committee or board of trustees) . . . [to] make general claim determinations at regularly-scheduled quarterly meetings." *Id.* at 1077 (citing 29 C.F.R. § 2560.503–1(i)(1)(i)). Defendant argued injunctive relief was improper because, at the time plaintiff filed his motion, defendants no longer followed the quarterly-meeting rule.

Along with their opposition brief filed on April 25, 2012, defendants submitted the declaration of Brendan J. Begley, an attorney representing defendants. (ECF 84.) The declaration provided that Begley was "informed and believe[s] that [defendants] have not relied upon the quarterly-meeting rule articulated in 29 C.F.R. § 2560.503-1(i) in any administrative appeal concerning a claim for disability benefits since June 30, 2011." (*Id.*) "On July 1, 2011, [defendants] began working with their attorneys to revise their claims-handling procedures so that, when calculating the deadline for deciding an administrative appeal concerning a claim for

---

[1] The court, on the parties' original cross-motions for summary judgment, granted defendants' motion and denied plaintiff's motion, finding that plaintiff failed to exhaust his administrative remedies. (ECF 31.) Plaintiff appealed to the Ninth Circuit. (ECF 40.) The Ninth Circuit issued a published opinion, reversing the court's determination that plaintiff failed to exhaust his administrative remedies. *See Barboza I*, 651 at 1080-81. The court specifically held that the Plan failed to comply with Department of Labor regulations by not rendering a decision on plaintiff's claim for long-term disability benefits within 90 days, in other words, by following the "quarterly-meeting rule." *Id.* at 1080. The Ninth Circuit deemed plaintiff's claims exhausted and remanded to this court to address plaintiff's claims on the merits.

2

disability benefits, the quarterly-meeting rule is not relied upon." (*Id.*)  Additionally, Begley described the specific revisions to the Plan that defendants had made. (*Id.*)

On May 4, 2012, after plaintiff had filed his reply brief, defendants filed a "Notice of Errata" to the Begley declaration, along with a corrected version of the declaration. (ECF 92.)  The corrected version contained the same information about the revised Plan.  Additionally, Begley stated that, "[a] true and correct copy of sections 15.5, 16.1, and 16.2 of the Plan, effective February 23, 2012, is attached hereto as Exhibit M"; the exhibit was followed by a copy of those Plan sections. (*Id.*)  Plaintiff filed objections to the corrected declaration on May 10, 2012. (ECF 93.)  Plaintiff's objections included that Exhibit M was not discussed in defendants' opposition brief and that the Exhibit was improperly authenticated. (*Id.*)

The court issued an order granting plaintiff's motion for injunctive relief on September 30, 2012.  *Barboza v. Cal. Ass'n of Prof'l Firefighters*, 2012 WL 4490981 (E.D. Cal. Sept. 30, 2012) ("*Barboza II*").  The court based its decision on the administrative record before it, which included only the version of the Plan that the Ninth Circuit found violated ERISA in *Barboza I*.  *Id.*  The court determined that defendants had not shown they were no longer enforcing this original version of the Plan, finding counsel's declaration insufficient because it "lack[ed] foundation and [thus] [was] insufficient to demonstrate defendants revised the Plan to comply with the relevant provisions of ERISA," as articulated by the Ninth Circuit in *Barboza I*.  *Id.*

II.   ANALYSIS

Rule 60(b) provides: "On motion and just terms, the court may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . misrepresentation, or misconduct . . .; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . .; or (6) any other reason that justifies relief."  A Rule 60(b) motion "must be made within a reasonable time."  FED. R. CIV. P. 60(c)(1).

1    In their present motion, defendants maintain they should be relieved of the
2 injunction "on the grounds that the court erred in granting the motion for summary judgment
3 filed by [p]laintiff David Barboza as to his request for injunctive relief and in ordering CAPF to
4 revise the Plan's procedure to comply with the Ninth Circuit's decision" in *Barboza I*.  (ECF 117
5 at 2.)  Defendants assert that the court should have looked outside the administrative record to
6 consider the corrected Begley declaration, which would have led the court to conclude that "[t]he
7 evidence of the Plan's amendment establishes beyond dispute that the Plan no longer relies on
8 the quarterly-meeting rule," thereby rendering it "in compliance with *Barboza* [*I*], 651 F.3d
9 1073, since February 23, 2012."  (ECF 117-1 at 8-9.)

10   Concurrent with its motion to amend the judgment, defendants filed the
11 declaration of Richard Floyd, president of CAISI, and administrator of the Plan.  (ECF 117-3
12 ¶ 1.)  Floyd declared, under penalty of perjury, that he has personal knowledge of the facts
13 asserted in his declaration.  (*Id.*)  Floyd further declared that "neither CAPF nor CAISI has
14 deferred to the CAPF's Executive Board's next quarterly meeting a decision in any
15 administrative appeal concerning a claim for disability benefits," and therefore neither has
16 engaged in the practice the Ninth Circuit found improper in *Barboza I*.  (*Id.* ¶ 2.)  Floyd also
17 authenticated the amended plan documents, attached to the corrected Begley declaration, which
18 he says demonstrates that the Plan has amended its procedures to comply with the Ninth
19 Circuit's decision in *Barboza I*.  (*Id.* ¶ 4 *referencing* ECF 92 Ex. M.)  Plaintiff, in his opposition
20 to defendants' motion to amend the judgment, did not address the Floyd declaration.

21   Defendants have not shown that an amendment of the court's previous order is
22 justified on the current record.  Contrary to defendants' assertions, it would not have been
23 appropriate for the court to consider defendants' evidence that the Plan had been amended to
24 eliminate reliance on the quarterly-meeting rule.  As the court explained in its original order,
25 Begley's statements about the amended Plan in the original declaration lacked foundation.
26 Although defendants attempted to remedy the defective declaration through a Notice of Errata,

4

there are two reasons the court did not consider this filing.  First, rather than solely correcting clerical errors, defendants' Notice of Errata introduced new evidence only after briefing had closed, such that plaintiff was unable to respond to it in his briefs.  *Cf. Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007) (distinguishing notices of errata from additional filings raising substantive issues); *Carr v. Allied Waste Systems of Alameda County*, 419 Fed. App'x 728 (9th Cir. 2011) (affirming striking of unauthorized surreply brief).  Second, the corrected declaration did not properly authenticate Exhibit M.  Federal Rule of Evidence 901 requires that a proponent of an item of evidence "produce evidence sufficient to support a finding that the item is what the proponent claims it is."  An attorney's declaration does not authenticate a document unless the attorney wrote the document, witnessed the author draft the document, or is familiar with the author's signature.  *See Orr v. Bank of Amer.*, 285 F.3d 764, 777 (9th Cir. 2002).  The Begley declaration here did not specify how the declarant had personal knowledge of the authenticity of the revised Plan attached as Exhibit M.  Although the Floyd declaration does properly authenticate the revised Plan, it was also filed long after briefing closed in the summary judgment motions.

      Because defendants have not met the grounds for reconsideration under Rule 60(b), their motion is DENIED.

      IT IS SO ORDERED.

DATED: August 5, 2013.

_____
UNITED STATES DISTRICT JUDGE