Geoffrey V. White (SBN 68012)
**LAW OFFICE GEOFFREY V. WHITE**
21 C Orinda Way # 324
Orinda, CA 94563
Tel: 415.373.8279
Fax: 415.484.7692
Email: gvwhite@sprynet.com

Michelle L. Roberts (SBN 239092)
Email: michelle@ssrlawgroup.com
Cassie Springer Ayeni (SBN 221506)
Email: cassie@ssrlawgroup.com
**SPRINGER & ROBERTS LLP**
1050 Marina Village Pkwy., Suite 105
Alameda, CA 94501
Tel: 510.992.6130
Fax: 510.280.7564

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BARBOZA,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA ASSOCIATION OF PROFESSIONAL FIREFIGHTERS, a California corporation, CALIFORNIA ASSOCIATION OF PROFESSIONAL FIREFIGHTERS LONG-TERM DISABILITY PLAN; and CALIFORNIA ADMINISTRATION INSURANCE SERVICES, INC., a California corporation,<br><br>Defendants. | Case No. 2:08-cv-00519-KJM-EFB<br><br>**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**<br><br>Date: July 24, 2015<br><br>Time: 10:00 a.m.<br><br>Court: 3<br><br>Hon. Kimberly J. Mueller |

Plaintiff David Barboza hereby provides this statement of uncontroverted facts:

| Undisputed Fact | Supporting Evidence |
|---|---|
| 1. Barboza was not entitled to 4850 Pay. | ECF 27; Amended Declaration of David Barboza in Support of Motion for Judgment on Administrative Record, page 3, ¶ 6. |
| 2. Barboza did not receive 4850 Pay. | ECF 13 - Notice of Lodging/Filing in Paper; Administrative Record filed with Court, CAPF 123 (Declaration of David Barboza), pages 4-5, ¶11; ECF 27 (Declaration of David Barboza in Support of Plaintiff's Motion for Judgment), pages 2-3, ¶¶ 5, 6. |
| 3. On March 28, 2006, Barboza entered into an Agreement with the City that required him to obtain medical certification in order to determine whether he had a disability that precluded him from performing the essential duties of his position as Fire Captain. | ECF 13 - Notice of Lodging/Filing in Paper; Administrative Record filed with Court, CAPF 137 (May 19, 2006 letter from City of Tracy, signed by Maria Olvera). |
| 4. The City of Tracy placed Barboza on disability retirement on its own accord, stating that Barboza was approved for an "employer-originated application for retirement." | ECF 13 - Notice of Lodging/Filing in Paper; Administrative Record filed with Court, CAPF 137 (May 19, 2006 letter from City of Tracy, signed by Maria Olvera). |
| 5. On June 28, 2006, Daniel Hobbs, City Manager, determined that Barboza "is incapacitated within the meaning of the Public Employees' Retirement Law | ECF 13 - Notice of Lodging/Filing in Paper; Administrative Record filed with Court, CAPF 139. |

| | |
|---|---|
| for performance of his duties in the position of Fire Captain." | |
| 6. Even after Barboza was required to retire, he submitted a Workers' Compensation application, which complied with any requirement to apply for 4850 Pay. | ECF 85-2 – Declaration of David Barboza in Opposition to Defendants' Motion for Summary Judgment, Exh. 1 (Sept. 21, 2006 Workers' Compensation Application). |
| 7. Barboza filed two new Cumulative Trauma claims against the City, one on March 23, 2006 for his hearing loss, and a second on March 26, 2006 for his neck, lower back and the neuropathy in his legs. The medical evidence developed during the 2006 claim showed that Barboza did not suffer any compensable hearing loss, and the alleged injuries to his lower back and legs did not result in any new cumulative trauma. AIMS denied his Workers' Compensation Application. | ECF 17 – Declaration of Maureen Burns in support of Plaintiff's Motion for Judgment; ECF 85-2 – Declaration of David Barboza in Opposition to Defendants' Motion for Summary Judgment, Exh. 2 (Dec. 8, 2006 letter from AIMS denying Workers' Compensation Application). |
| 8. Defendants determined that they would offset Barboza's disability claim for one full year of benefits, as though he had actually received 4850 Pay. | ECF 13 - Notice of Lodging/Filing in Paper; Administrative Record filed with Court, CAPF 345-48 (April 21, 2008 letter from Weintraub, Genshlea, Chediak, signed by Christopher Chediak). |
| 9. The Plan at issue here contains the following pertinent provision: | ECF 13 - Notice of Lodging/Filing in Paper; Administrative Record filed with Court, |

| | |
|---|---|
| 3.58. Unpaid Offsetting Benefit/Income Amounts. "Unpaid Offsetting Benefit/Income Amounts" means any unpaid, contingent or disputed amounts which a Plan Member is or may reasonably be entitled, and which amounts will, if paid, comprise Offsetting Benefit/Income Amounts. | CAPF 71 (California Association of Professional Firefighters Long-Term Disability Plan). |
| 10. The Plan at issue here contains the following additional pertinent provision:<br><br>11.5. Benefit Reduction and Offset for Offsetting Benefit/Income Amounts. Subject to the Minimum Benefit exception pursuant to Section 11.7, during or after the period when a Plan Member is Totally Disabled, if the Plan Member or the Plan Member's Eligible Dependent Survivor receives or is immediately entitled to receive Offsetting Benefit/Income Amounts, as defined below, and these Offsetting Benefit/Income Amounts have not already been applied to reduce the Plan Member's Benefits, then the amount of Benefits that the Plan Member or Eligible Dependent Survivor is entitled to receive hereunder for such Total Disability shall be reduced by the Offsetting Benefit/Income Amounts. The Plan Member must repay to the Plan recovered excess amounts as specified in Section 12. Offsetting Benefit/Income Amounts comprise:<br>. . . .<br><br>(c) Compulsory Benefits and Negotiated Benefits. Any amount the Plan Member receives or is eligible to receive as a result of the Plan Member's disability (i) under any compulsory benefit act or law including without limitation, any state unemployment compensation disability benefit law or state disability income benefit law, or (ii) pursuant to Sections 4800 or 4850 of the California Labor Code, IDL or any amendment thereof, or any successor or comparable provision or any negotiated substitute;<br><br>(h) Benefits For Which the Plan Member | ECF 13 - Notice of Lodging/Filing in Paper; Administrative Record filed with Court, CAPF 85-87 (California Association of Professional Firefighters Long-Term Disability Plan). |

| | |
|---|---|
| Fails to Apply. Any of the Offsetting Benefit/Income Amounts described in subsections (a) through (g) of this Section 11.5 to which a Plan Member would be entitled following application or submission of appropriate forms, demands or statements or initiated other appropriate action; and<br><br>(i) Benefits Waived by the Plan Member. Any of the Offsetting Benefit/Income Amounts described in subsections (a) through (h) of this Section 11.5 that the Plan Member waived or forfeited through benefit election, stipulation, compromise, release, neglect, agreement or other waiver, or through the Plan Member's action or inaction. | |
| 11. The Plan contains no provision requiring a participant to take any possible 4850 Pay before accepting retirement. | ECF 13 - Notice of Lodging/Filing in Paper; Administrative Record filed with Court, CAPF 50-111 (California Association of Professional Firefighters Long-Term Disability Plan). |
| 12. The Plan contains no provision requiring a participant to "retire" in any particular manner. | ECF 13 - Notice of Lodging/Filing in Paper; Administrative Record filed with Court, CAPF 50-111 (California Association of Professional Firefighters Long-Term Disability Plan). |
| 13. On November 21, 2014, during oral argument at the Ninth Circuit in this matter, counsel for Defendants stated that, "the plan does not say you can't disability retire until you exhaust 4850 pay. It doesn't say it like that. What it | 9:30 AM Friday November 21st, 2014 San Francisco Courtroom Two, available https://www.youtube.com/watch?v=AJLHXI8BhB4, at 2:27:49-28:09. |

| | |
|---|---|
| says is you have all these other offsets that we rely upon … and you can't waive them. If you're entitled to them you can't waive them and make us pay." | |
| 14. As a result of the delay in receiving benefit payments, Barboza and his wife had to borrow $143,000 to support their expenses from a line of credit, at interest rates of 9.1% on a loan balance of $128,848.28 in 2006, 8.08% on a loan balance of $143,865.93 in 2007, then at 4.92% on a loan balance of $142,864.90 in 2008. This resulted in payment of $11,724.65 in interest in 2006, $11,624.37 in interest in 2007, and $7,028.95 in interest in 2008 and every year thereafter (x 6 years = $42,173.70). | ECF 114-4 – Declaration of David Barboza in Support of Plaintiff's Motion for Attorneys' Fees, Non-Taxable Costs and Pre-Judgment Interest. |

Dated: June 26, 2015

Respectfully submitted,

SPRINGER & ROBERTS LLP

*/s/Michelle L. Roberts*
Michelle L. Roberts

LAW OFFICE OF GEOFFREY V. WHITE

*/s/Geoffrey V. White*
Geoffrey V. White

*Attorneys for Plaintiff*