Louis A. Gonzalez, State Bar No. 157373
Brendan J. Begley, State Bar No. 202563
weintraub tobin chediak coleman grodin
law corporation
400 Capitol Mall, 11th Floor
Sacramento, CA 95814
(916) 558-6000 – Main
(916) 446-1611 – Facsimile

Attorneys for Defendants
California Association of Professional Firefighters, California Association of Professional Firefighters Long Term Disability Plan, and California Administration Insurance Services, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BARBOZA,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA ASSOCIATION OF PROFESSIONAL FIREFIGHTERS, a California corporation; CALIFORNIA ASSOCIATION OF PROFESSIONAL FIREFIGHTERS LONG TERM DISABILITY PLAN; and CALIFORNIA ADMINISTRATION INSURANCE SERVICES, INC., a California corporation,<br><br>Defendants. | Case No. 2:08-CV-00519-KJM-EFB<br><br>**DEFENDANTS' STATEMENT OF DISPUTED AND UNDISPUTED FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: July 24, 2015<br>Time: 10:00 a.m.<br>Courtroom: 3, Hon. Kimberly J. Mueller |

| Plaintiff's Undisputed Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|
| 1. Barboza was not entitled to 4850 Pay.<br><br>ECF 27; Amended Declaration of David Barboza in Support of Motion for Judgment on Administrative Record, page 3, ¶ 6. | 1. Disputed. The evidence cited by Plaintiff David Barboza ("Barboza") does not confirm that he was ineligible for 4850 prior to accepting and commencing a premature disability retirement in May 2006. Instead, paragraph 3 of Barboza's cited declaration merely indicates that he did not receive any vocational rehabilitation benefits in connection |



weintraub tobin chediak coleman grodin law corporation

| <u>Plaintiff's Undisputed Facts and Supporting Evidence</u> | <u>Defendants' Response and Supporting Evidence</u> |
|---|---|
| | with a Workers' Compensation claim he filed in 1993 or 1994. This does not mean Barboza was ineligible for vocational-rehabilitation benefits for a cumulative-trauma injury in 2003. Meanwhile, paragraph 6 of Barboza's cited declaration confirms that Barboza believed he was eligible for 4850 pay between March and May 2006, but his lawyer elected not to pursue it because only a "few hundred dollars in income tax liability" stemmed from his pay being characterized as administrative pay instead of 4850 pay. The remainder of paragraph 6 of Barboza's cited declaration is inadmissible. See Defendants' Evidentiary Objections filed herewith,<br><br>Eligibility for 4850 pay does not hinge on eligibility for temporary-disability or vocational-rehabilitation benefits as a matter of law. Moreover, admissible evidence confirms that Barboza was eligible for vocational-rehabilitation benefits after 2004, since his peripheral neuropathy was not present in the earlier 1993 or 1994 injury. His symptoms of peripheral neuropathy began six to twelve months prior to June of 2004, which indicates they began in 2003. CAPF 0159.<br><br>Admissible evidence also confirms that Barboza was eligible for temporary-disability benefits as late as 2008. Declaration of Brendan J. Begley in Support of Defendants' Motion for Summary Judgment filed 6/26/15, Doc. No. 162-3 ("Begley Decl."), at ¶ 5 and Ex. D attached thereto, Depo. of David Barboza ("Barboza Depo") at 54:3-13 and Ex. F attached thereto, Decl. of Maureen Burns in Support of Plaintiff's Motion for Judgment ("Burns Decl.") at ¶ 4 and Ex. 2 attached thereto. |

weintraub tobin chediak coleman grodin
law corporation

| Plaintiff's Undisputed Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|
| 2 .Barboza did not receive 4850 Pay.<br><br>ECF 13 - Notice of Lodging/Filing in Paper; Administrative Record filed with Court, CAPF 123 (Declaration of David Barboza), pages 4-5, ¶11; ECF 27 (Declaration of David Barboza in Support of Plaintiff's Motion for Judgment), pages 2-3, ¶¶ 5, 6. | 2. Disputed. Barboza received administrative pay as a substitute for 4850 pay.<br><br>CAPF 0347; Begley Decl. at ¶ 7 and Ex. F attached thereto, Reporter's Trnscrpt. of Sum. J'ment Hearing on 6/8/12, at 9:8-10:11 and 23:10-24:25; Begley Decl. at ¶ 10 and Ex. I attached thereto, Barboza's Declaration in Support of Mtn. for J'ment filed 5/29/09, Doc. No. 27, at ¶ 6; Audio Recording of 9th Cir. Oral Argument on 11/21/15 at 0:35-1:13.[1] |
| 3. On March 28, 2006, Barboza entered into an Agreement with the City that required him to obtain medical certification in order to determine whether he had a disability that precluded him from performing the essential duties of his position as Fire Captain.<br><br>ECF 13 - Notice of Lodging/Filing in Paper; Administrative Record filed with Court, CAPF 137 (May 19, 2006 letter from City of Tracy, signed by Maria Olvera). | 3. Undisputed. |
| 4. The City of Tracy placed Barboza on disability retirement on its own accord, stating that Barboza was approved for an "employer-originated application for retirement."<br><br>ECF 13 - Notice of Lodging/Filing in Paper; Administrative Record filed with Court, CAPF 137 (May 19, 2006 letter from City of Tracy, signed by Maria Olvera). | 4. Undisputed that the City of Tracy placed Barboza on disability retirement, stating that Barboza was approved for an "employer-originated application for retirement." Disputed that the City of Tracy did so on its own accord. The Agreement that Barboza negotiated and entered with the City of Tracy required the City of Tracy to do so if Barboza could produce medical evidence to support such an action in exchange for Barboza waiving all manner of claims.<br><br>Begley Decl. at ¶ 2 and Ex. A attached thereto, Depo. of Daniel G. Hobbs ("Hobbs Depo") at 52:2-55:19, 58:3-20, 64:12-24, 105:11-25, 107:11-15, 109:4-23, 111:3-14; Begley Decl. at ¶ 3 and Ex. B attached thereto, Depo. of |

[1] An audio recording of that oral argument in San Francisco can be accessed via the Ninth Circuit's website at http://www.ca9.uscourts.gov/media/view.php?pk_id=0000013606.



weintraub tobin chediak coleman grodin law corporation

| Plaintiff's Undisputed Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|
| | Maria Olvera ("Olvera Depo") at 12:17-13:17, 19:3-16, 22:7-23:22, 89:15-91:9, 94:25-97:20, and Exs. 4 and 5 attached thereto; Begley Decl. at ¶ 5 and Ex. D attached thereto, Barboza Depo at 89:22-93:13, 94:5-12, 104:16-106:8, and Ex. 1 attached thereto. |
| 5. On June 28, 2006, Daniel Hobbs, City Manager, determined that Barboza "is incapacitated within the meaning of the Public Employees' Retirement Law for performance of his duties in the position of Fire Captain."<br><br>ECF 13 - Notice of Lodging/Filing in Paper; Administrative Record filed with Court, CAPF 139. | 5. Undisputed. |
| 6. Even after Barboza was required to retire, he submitted a Workers' Compensation application, which complied with any requirement to apply for 4850 Pay.<br><br>ECF 85-2 – Declaration of David Barboza in Opposition to Defendants' Motion for Summary Judgment, Exh. 1 (Sept. 21, 2006 Workers' Compensation Application). | 6. Undisputed that Barboza filed one application for Workers' Compensation benefits on March 23, 2006, and another on March 26, 2006. Disputed that Barboza filed an application for Workers' Compensation benefits after March 2006 or after his disability retirement in May 2006, insofar as the evidence offered by Barboza is conflicting.<br><br>See Begley Decl. at ¶ 5 and Ex. D attached thereto, Barboza Depo at 54:3-13 and Ex. F attached thereto, Burns Decl. at ¶ 3 (averring that Barboza filed only "two new Cumulative Trauma claims against the City, one on March 23, 2006 for his hearing loss, and a second on March 26, 2006 for his neck, lower back and the neuropathy in his legs").<br><br>Defendants also dispute that that Barboza was required to retire and that filing any claim for Workers' Compensation benefits in 2006 complied with the requirement to apply for 4850 pay. These are matters of law and the evidence cited by Barboza does not support such assertions as matters of fact. |

| Plaintiff's Undisputed Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|
| 7. Barboza filed two new Cumulative Trauma claims against the City, one on March 23, 2006 for his hearing loss, and a second on March 26, 2006 for his neck, lower back and the neuropathy in his legs. The medical evidence developed during the 2006 claim showed that Barboza did not suffer any compensable hearing loss, and the alleged injuries to his lower back and legs did not result in any new cumulative trauma. AIMS denied his Workers' Compensation Application.<br><br>ECF 17 – Declaration of Maureen Burns in support of Plaintiff's Motion for Judgment; ECF 85-2 – Declaration of David Barboza in Opposition to Defendants' Motion for Summary Judgment, Exh. 2 (Dec. 8, 2006 letter from AIMS denying Workers' Compensation Application). | 7. Undisputed that Barboza filed two new Cumulative Trauma claims against the City, one on March 23, 2006, for his hearing loss, and a second on March 26, 2006, for his neck, lower back and the neuropathy in his legs. Undisputed that AIMS denied Barboza's applications.<br><br>Disputed that the evidence showed that the alleged injuries to Barboza's lower back and legs did not result in any new cumulative trauma. The evidence showed that Barboza's symptoms of peripheral neuropathy began in 2003 (long after the back injury in 1993 or 1994) and that all non-industrial causes for his neuropathy had been excluded.<br><br>CAPF 0043 and 0159. |
| 8. Defendants determined that they would offset Barboza's disability claim for one full year of benefits, as though he had actually received 4850 Pay.<br><br>ECF 13 - Notice of Lodging/Filing in Paper; Administrative Record filed with Court, CAPF 345-48 (April 21, 2008 letter from Weintraub, Genshlea, Chediak, signed by Christopher Chediak). | 8. Undisputed that Defendants determined that they would offset Barboza's disability claim for one full year of 4850 pay. Disputed that Defendants did so as though Barboza had actually received 4850 Pay. The evidence cited by Barboza shows that Defendants determined that they would offset Barboza's disability claim for one full year of 4850 pay in view of the fact that Barboza had been paid two months of administrative pay as a substitute for 4850 pay and waived the remainder of 4850 pay to which he was entitled. |
| 9. The Plan at issue here contains the following pertinent provision:<br>3.58. <u>Unpaid Offsetting Benefit/Income Amounts</u>. "Unpaid Offsetting Benefit/Income Amounts" means any unpaid, contingent or disputed amounts which a Plan Member is or may reasonably be entitled, and which amounts will, if paid, comprise Offsetting Benefit/Income Amounts. | 9. Undisputed. |

weintraub tobin chediak coleman grodin
law corporation

| Plaintiff's Undisputed Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|
| ECF 13 - Notice of Lodging/Filing in Paper; Administrative Record filed with Court, CAPF 71 (California Association of Professional Firefighters Long-Term Disability Plan). | |
| 10. The Plan at issue here contains the following additional pertinent provision:<br><br>11.5. <u>Benefit Reduction and Offset for Offsetting Benefit/Income Amounts.</u> Subject to the Minimum Benefit exception pursuant to Section 11.7, during or after the period when a Plan Member is Totally Disabled, if the Plan Member or the Plan Member's Eligible Dependent Survivor receives or is immediately entitled to receive Offsetting Benefit/Income Amounts, as defined below, and these Offsetting Benefit/Income Amounts have not already been applied to reduce the Plan Member's Benefits, then the amount of Benefits that the Plan Member or Eligible Dependent Survivor is entitled to receive hereunder for such Total Disability shall be reduced by the Offsetting Benefit/Income Amounts. The Plan Member must repay to the Plan recovered excess amounts as specified in Section 12. Offsetting Benefit/Income Amounts comprise:<br><br>(c) <u>Compulsory Benefits and Negotiated Benefits</u>.<br>Any amount the Plan Member receives or is eligible to receive as a result of the Plan Member's disability (i) under any compulsory benefit act or law including without limitation, any state unemployment compensation disability benefit law or state disability income benefit law, or (ii) pursuant to Sections 4800 or 4850 of the California Labor Code, IDL or any amendment thereof, or any successor or comparable provision or any negotiated substitute; | 10. Undisputed. |

weintraub tobin chediak coleman grodin law corporation

| Plaintiff's Undisputed Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
| --- | --- |
| (h) Benefits For Which the Plan Member Fails to Apply. Any of the Offsetting Benefit/Income Amounts described in subsections (a) through (g) of this Section 11.5 to which a Plan Member would be entitled following application or submission of appropriate forms, demands or statements or initiated other appropriate action; and<br><br>(i) Benefits Waived by the Plan Member. Any of the Offsetting Benefit/Income Amounts described in subsections (a) through (h) of this Section 11.5 that the Plan Member waived or forfeited through benefit election, stipulation, compromise, release, neglect, agreement or other waiver, or through the Plan Member's action or inaction.<br><br>ECF 13 - Notice of Lodging/Filing in Paper; Administrative Record filed with Court, CAPF 85-87 (California Association of Professional Firefighters Long-Term Disability Plan). | |
| 11. The Plan contains no provision requiring a participant to take any possible 4850 Pay before accepting retirement.<br><br>ECF 13 - Notice of Lodging/Filing in Paper; Administrative Record filed with Court, CAPF 50-111 (California Association of Professional Firefighters Long-Term Disability Plan). | 11. Disputed. As noted in Barboza's Undisputed Fact Nos. 9-10, the Plan expressly provides that participants must file an application or submit appropriate forms, demands or statements, or initiate other appropriate action to obtain any 4850 pay to which the participant is entitled. The Plan also expressly provides that the failure to take such appropriate action will result in an offset being taken for that amount of 4850 pay to which the participant would have been entitled to receive but for that failure. Such a failure can come about, under the express terms of the Plan, through waiver, forfeiture, stipulation, compromise, release, neglect or agreement, or through the participant's action or inaction. Barboza was warned repeatedly from the outset that waiving accepting a premature disability retirement would constitute a waiver of 4850 pay under the Plan. |



weintraub tobin chediak coleman grodin law corporation

| Plaintiff's Undisputed Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|
| | CAPF 0006, 0085-87 and 0339; Begley Decl. at ¶ 6 and Ex. E attached thereto, Declaration of Richard Floyd in Support of Defendants' Motion for Summary Judgment at ¶ 2. |
| 12. The Plan contains no provision requiring a participant to "retire" in any particular manner.<br><br>ECF 13 - Notice of Lodging/Filing in Paper; Administrative Record filed with Court, CAPF 50-111 (California Association of Professional Firefighters Long-Term Disability Plan). | 12. Undisputed. |
| 13. On November 21, 2014, during oral argument at the Ninth Circuit in this matter, counsel for Defendants stated that, "the plan does not say you can't disability retire until you exhaust 4850 says is you have all these other offsets that we rely upon ... and you can't waive them. If you're entitled to them you can't waive them and make us pay."<br><br>9:30 AM Friday November 21st, 2014 San Francisco Courtroom Two, available https://www.youtube.com/watch?v=AJLHXI 8BhB4, at 2:27:49-28:09. | 13. Disputed that this is recital of the statement made by defense counsel at oral argument is complete and accurate. Undisputed that defense counsel stated, "The Plan does not say you can't disability retire until you exhaust 4850 pay, it doesn't say it like that. What it says is you have all these other offsets that we rely upon – Social Security, 4850 pay, Workers' Comp[ensation], temporary-disability benefits – and you can't waive them. If you're entitled to them you can't waive them and make us pay. We want you to take that offset and go get it. And we'll help you get it and it's to your benefit if you do." Audio Recording of 9th Cir. Oral Argument on 11/21/15 at 38:24-38:51.<br><br>Defense counsel also explained that the Plan mandates that, if a participant is "going to go out on disability retirement," then the participant must "get that 4850 [pay] first" because it's not just a benefit to the Plan but also provides greater pay to the participant. Audio Recording of 9th Cir. Oral Argument on 11/21/15 at 18:14-18:22. |



weintraub tobin chediak coleman grodin law corporation

| Plaintiff's Undisputed Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|
| 14. As a result of the delay in receiving benefit payments, Barboza and his wife had to borrow $143,000 to support their expenses from a line of credit, at interest rates of 9.1% on a loan balance of $128,848.28 in 2006, 8.08% on a loan balance of $143,865.93 in 2007, then at 4.92% on a loan balance of $142,864.90 in 2008. This resulted in payment of $11,724.65 in interest in 2006, $11,624.37 in interest in 2007, and $7,028.95 in interest in 2008 and every year thereafter (x 6 years = $42,173.70).<br>ECF 114-4 – Declaration of David Barboza in Support of Plaintiff's Motion for Attorneys' Fees, Non-Taxable Costs and Pre-Judgment Interest. | 14. Disputed that Barboza and his wife had to borrow $143,000 as a result of receiving a disability benefit under the Plan that would not have exceeded $71,519.04 even without taking offsets for two months of administrative pay, ten months of waived 4850 pay, and $18,000 in an undisclosed Workers' Compensation settlement. *See* Barboza's Statement of Admitted and Disputed Facts in Opp. to Defendants' MSJ filed 4/25/12, Doc. No. 85-1, at UF No. 25.<br>Regardless, this asserted fact is irrelevant and immaterial because it does not have any tendency to prove or disprove any fact that pertains to the only remaining claim in this action that can be determined as a matter of law; to wit, the offset of 4850 pay. Instead, this asserted fact seems to pertain to Barboza's argument that he should be awarded a higher amount of pre-judgment interest than that allowed under 28 U.S.C. § 1961. Because any award of a higher interest rate is discretionary, rather than something to which Barboza is "entitled ... as a matter of law," it is improper to seek summary adjudication of this issue. Fed. R. Civ. P. 56(a). |

Defendants also contend that Barboza's Motion for Summary Judgment is defeated by the following additional material facts:

| Defendants' Facts | Defendants' Supporting Evidence |
|---|---|
| 1. Section 11.11 of the Plan provides for "Plan Member Cooperation Requirements; Contingent Payments" as follows:<br><br>"Each Plan Member must cooperate in good faith with the Administrator and Plan in the institution and completion in a timely manner of any and all proceedings and submitting applications, in a timely manner, that are, in | 2. CAPF 0097-98. |



weintraub tobin chediak coleman grodin law corporation

| Defendants' Facts | Defendants' Supporting Evidence |
|---|---|
| the Administrator's sole discretion, necessary or useful to recover any and all Offsetting Benefit/Income Amounts to which the Plan Member is reasonably entitled. … Every Plan Member must take all action and complete all filings, forms and documents requested by the Administrator for the purpose of establishing, perfecting or evidencing the rights of the Plan or Plan Member to recover Offsetting Benefit/Income Amounts and the obligation of the Plan Member to repay to the Plan such Offsetting Benefit/Income Amounts, including without limitation as provided in Section 11.11.1. …" | |
| 2. Section 11.11.2 of the Plan addresses "Failure to Cooperate" as follows:<br><br>"If a Plan Member fails to comply with any of the cooperation requirements set forth in this Section 11.11 (without regard to the materiality thereof), the Plan Member shall immediately forfeit any rights to continuing Benefits and must immediately and without required notice or demand repay the Plan for all Offsetting Benefit/Income Amounts previously advanced by the Plan, together with all attorneys' fees the Plan incurs in the collection of these amounts." | 2. CAPF 0099. |
| 3. Section 12 of the Plan, which pertains to "Offset and Recovery of Offsetting Benefit/Income Amounts," states:<br><br>"… The Plan may recover from or offset future Benefits against any and all Offsetting Benefits/Income Amounts, regardless of their characterization and including, without limitation, future medical claims. The Plan has the first right against any and all Offsetting Benefit/Income Amounts. The Plan Member holds in trust for the Plan any such recovered amounts until the claims of the Plan are satisfied in full. The Plan Member … must execute and deliver to the | 3. CAPF 0099-101. |

weintraub tobin chediak coleman grodin
law corporation

| Defendants' Facts | Defendants' Supporting Evidence |
|---|---|
| Administrator all requested agreements, instruments and papers and do whatever else is necessary, reasonable or appropriate to secure the rights of the Plan under this Section, including without limitation the execution of a reimbursement agreement and a form of acknowledgment of the Plan Member's obligations to reimburse the Plan for recovered Offsetting Benefit/Income Amounts in substantially the form adopted by the Board of Directors from time to time." | |

Dated: July 10, 2015

Respectfully submitted,

weintraub tobin chediak coleman grodin
law corporation

By: /s/ Brendan J. Begley
Brendan J. Begley
State Bar No. 202563

Attorneys for Defendants California Association of Professional Firefighters, California Association of Professional Firefighters Long Term Disability Plan, and California Administration Insurance Services, Inc.

weintraub tobin chediak coleman grodin
law corporation